IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT EISENBERG, # N-10284,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SALVADOR GODINEZ,** )<br>**UNKNOWN PARTY,** )<br>**and C/O BELL,** )<br>)<br>**Defendants.** ) | Case No. 16-cv-00534-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert Eisenberg, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff claims that he sustained serious injuries at Lawrence when his cellmate attacked him on May 17, 2014. (Doc. 1, pp. 4-6). According to Plaintiff, the attack could have been avoided, if the appropriate policies, practices, training, and supervision had been in place. (*Id*. at 4-13). In connection with this claim, Plaintiff now sues Salvador Godinez (IDOC Director), John Doe (Lawrence's unknown warden), and C/O Bell (correctional officer) for violating his right to be free from cruel and unusual punishment under the Eighth Amendment. He seeks declaratory judgment and monetary damages. (*Id*. at 12-13).

This case is now before the Court for review of the complaint pursuant to § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

Plaintiff alleges that he was attacked by his cellmate at Lawrence on May 17, 2014. (Doc. 1, pp. 4-6). On the date of the attack, Plaintiff was seventy years old. (*Id*. at 5). He suffered from a number of health problems, including peripheral artery disease, degenerative spinal disease, impaired vision, macular degeneration, and tinnitus. He took nine different medications. (*Id*.).

Despite Plaintiff's advanced age and health issues, he was housed with a much younger, stronger cellmate, who also suffered from schizophrenia. (*Id*. at 4). The cellmate stopped taking his psychotropic medication in the days before the attack. When he did, the cellmate's aggression level increased. He repeatedly threatened Plaintiff with physical harm, even in the presence of prison officials. (*Id*. at 4-6).

Early on May 17, 2014, Plaintiff's cellmate told C/O Bell that he would "beat up the old man" (*i.e.*, Plaintiff), if he was not transferred to segregation. (*Id*. at 5). Plaintiff also informed C/O Bell that he had received numerous threats from his cellmate and was "very fearful" of him. C/O Bell nevertheless informed both inmates that he could not transfer Plaintiff's cellmate to segregation. In response, the cellmate again threatened to injure Plaintiff, if C/O Bell did not "cuff him" and "take him to 'seg'" immediately. (*Id*.). C/O Bell allegedly took no action to prevent the situation from escalating.

Not long after, Plaintiff's cellmate attacked him. He struck Plaintiff in the side of his head so hard that Plaintiff's left ear was allegedly "torn away from [his] head." (*Id*. at 6).

Plaintiff also suffered from a whiplash injury that caused pain in his neck "for weeks," constant ringing in both ears, and episodes of blacking out. (*Id*. at 5-6).

Plaintiff maintains that this attack, as well as a prior attack on Plaintiff at another IDOC facility, could have been avoided. However, IDOC officials, including Director Godinez and Warden Doe, failed to adopt and enforce policies aimed at properly classifying and housing inmates according to their physical and mental health needs. (*Id*. at 2). In addition, these officials failed to train and supervise lower level prison officials, in a manner that ensured the safety of inmates. (*Id*. at 2-3). Plaintiff now sues Director Godinez, Warden Doe, and C/O Bell for numerous violations of his Eighth Amendment rights. (*Id*. at 6-12). He seeks declaratory judgment and monetary relief. (*Id*. at 12).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** **C/O Bell failed to protect Plaintiff from a known risk of assault by his cellmate on May 17, 2014, in violation of the Eighth Amendment.**
>
> **Count 2:** **Director Godinez and Warden Doe failed to prevent an obvious risk of harm to Plaintiff in violation of the Eighth Amendment, because they did not implement policies and practices aimed at properly classifying and housing inmates according to their physical and mental health needs or train and supervise lower level IDOC officials to do the same.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion as to their merit.

**Discussion**

The Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. These protections extend to the conditions of a prisoner's confinement, including those conditions that pose a substantial risk of serious harm to the inmate's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). The Seventh Circuit has made it clear that prison officials have a duty to protect prisoners "from violence at the hands of other inmates." *See Washington v. LaPorte Cnty Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). However, a prison official may be liable "only if he knows that inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Something more is required. *Farmer*, 511 U.S. at 835. The prison official must act with the equivalent state of mind of criminal recklessness. *Id.* at 836-37.

According to the allegations, C/O Bell was repeatedly made aware of the fact that Plaintiff's cellmate threatened to harm him prior to the actual assault that occurred on May 17, 2014. Nonetheless, he refused to separate the two inmates or take other steps to diffuse the situation. Accordingly, **Count 1** is subject to further review against **C/O Bell**.

Less clear is whether Director Godinez and Warden Doe exhibited deliberate indifference toward an obvious risk of assault. Plaintiff does not allege that he notified either of these defendants about the direct threats he received from his cellmate prior to the assault. Plaintiff's claim against them instead arises from allegations that Director Godinez's and Warden Doe's inadequate classification and housing system for inmates created an obvious risk of assault to

Plaintiff, as did their failure to train or supervise lower level prison staff about inmate safety issues. Prisons are dangerous places, and allegations of a "generalized risk of violence [are] not enough" to state a claim. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Plaintiff must allege a "tangible threat to his safety or well-being." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (discussing distinction between actual and feared exposure to a threat of harm). Plaintiff must demonstrate that he was subject to a substantial risk of future harm that was "so great" that it was "almost certain to materialize if nothing [wa]s done." *Brown*, 398 F.3d at 911. The allegations in the complaint suggest that there was a pervasive pattern of assaults within the IDOC (and involving Plaintiff) that made the risk of assault clear. Whether this pattern and the absence of effective policies, training, and supervision created an "almost certain" risk of assault on May 17, 2014, remains to be seen. At this early stage, however, the Court will allow Plaintiff to proceed with **Count 2** against **Director Godinez** and **Warden Doe**.

## Identification of Warden Doe

Plaintiff shall be allowed to proceed with Count 2 against Lawrence's unknown warden ("Warden Doe"). However, this defendant must be identified with particularity before service of the complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, C/O Bell and Director Godinez are also named as defendants, and they shall be responsible for responding to discovery aimed at

identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown warden is discovered, Plaintiff shall file a Motion to Substitute the newly identified defendant in place of the generic designations in the case caption and throughout the complaint.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** against **C/O BELL** and **COUNT 2** against **IDOC DIRECTOR GODINEZ** and **WARDEN DOE** are subject to further review. These claims are **DISMISSED** without prejudice against those defendants who are not named in connection with each claim.

With regard to **COUNTS 1** and **2**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants **IDOC DIRECTOR GODINEZ**, **WARDEN DOE (once identified)**, and **C/O BELL**. If Plaintiff desires to request the appointment of the United States Marshal to serve process on these defendants, Plaintiff shall file a Motion for Service of Process at Government Expense, within 35 days of the date of entry of this order (on or before **June 18, 2016**). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have Defendants **IDOC DIRECTOR GODINEZ**, **WARDEN DOE (once identified)**, and **C/O BELL** served with a summons and copy of the Complaint pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that only a non-party may serve a summons. *See* FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Complaint and this Memorandum and Order for each defendant, and shall forward the same to the United States Marshal for service. If Plaintiff does not file a Motion for Service of Process at Government Expense within 35 days as ordered, the Clerk shall then prepare a summons for each defendant, and shall forward the summonses and sufficient copies of the Complaint and this Memorandum and Order to Plaintiff so that he may have defendants served.

Plaintiff is **ORDERED** to serve upon defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a plan for discovery aimed at identifying Warden Doe (Lawrence's unknown warden).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** June 13, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**